# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David Joseph Munchinski, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Gerald Solomon, in his individual capacity and in )<br>his official capacity as District Attorney of Fayette )<br>County, Pennsylvania; Ralph Warman, in his individual )<br>capacity and in his official capacities as District Attorney )<br>and First Assistant District Attorney of Fayette County, )<br>Pennsylvania; John A. Kopas, III, in his individual capacity )<br>and in his official capacity as First Assistant District )<br>Attorney of Fayette County, Pennsylvania; Humphrey )<br>Lukachik, in his individual capacity and in his official )<br>capacity as Chief County Detective, Fayette County, )<br>Pennsylvania; George Fayouck, in his individual capacity; )<br>and Robert Mangiacarne, in his individual capacity and )<br>in his official capacity as Chief County Detective, )<br>Fayette County, Pennsylvania, )<br><br>Defendants. )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO.**<br><br>**COMPLAINT**<br><br><br><br><br><br><br><br><br>**FILED ON BEHALF OF:**<br><br>David Joseph Munchinski<br><br>**COUNSEL OF RECORD:**<br><br>Noah Geary, Esquire<br>Suite 225<br>Washington Trust Building<br>Washington, PA 15301<br>724 222 3788<br><br>PA ID 78382 |

**JURY TRIAL DEMANDED.**

**INTRODUCTION:**

On the night of December 2, 1977, two men in Fayette County, Pennsylvania were alleged to have been anally raped, and then shot to death.

The murders were unsolved for 5 years.

In October of 1982 the Plaintiff was arrested and charged with the murders, and began a cruel legal odyssey which involved him being wrongfully arrested, wrongfully charged, and wrongfully convicted in 1986 of two counts of first-degree murder. This, however, was not the beginning, nor the end, of the Defendants' outrageous violations of Plaintiff's constitutional rights. He was further wrongfully denied relief in a 1992 Post-Conviction Relief Proceeding and in a 1999 Federal Habeas Corpus Proceeding.

Throughout five (5) legal proceedings involving the murders, of which the Plaintiff is actually innocent, over a span of more than twenty (20) years, the Defendants inter alia, engaged in a course of on-going conduct which included: the intentional manufacturing of false evidence; the destruction of blatantly exculpatory, discoverable evidence; doctoring with evidence, specifically, official, approved police reports of the Pennsylvania State Police to conceal the removal of blatantly exculpatory evidence; the intentional suppression and withholding of blatantly exculpatory evidence; and the intentional withholding of the existence of leniency agreements with witnesses and the payments of money to witnesses.

The Plaintiff, age 52, was wrongfully convicted, and has been wrongfully incarcerated, for twenty (20) years.

On October 1, 2004, after a Second Post-Conviction Relief Proceeding was held, presiding Judge Barry F. Feudale wrote a 120-page Opinion and Ordered Plaintiff's convictions

vacated and re-trial barred.[1]  The Court ruled that the Defendants engaged in intentional, deliberate, egregious, patent, and on-going misconduct and prosecutorial misconduct.  The Court stated:

> "At a minimum, the circumstances surrounding these homicides, and the subsequent events involving the principal cast of characters in this tragic drama lend themselves to the term extraordinary." *(Opinion, at page 7)*....
>
> ..."Was [Plaintiff's] a fundamentally unfair conviction? We find the answer to the question without any doubt or question.  We rely on our findings of fact and conclusions of law to state without equivocation that Munchinski was wrongly convicted because of patent and ongoing prosecutorial misconduct involving the Constitution of the United States" *(p.108)*....
>
> "Therefore, in a case such as this, involving deliberate and ongoing prosecutorial misconduct, at a minimum, automatic reversal and a new trial is proper.  However, deliberate efforts of, as in this case, three different prosecutors, in two trials and one PCRA proceeding, to undermine the search for truth, clearly is in the category of offenses anathema to our most basic vision of the role of the Commonwealth in the criminal process" *(114)*...
>
> ..."[The intentional, deliberate, egregious, patent and ongoing misconduct] violated all principles of justice and fairness included in the Pennsylvania Constitution's double jeopardy clause.."
>
> "The [prosecutors] discredited [themselves]and the system of justice [they] took an oath to uphold." *(102-103)*.

*(See attached, Exhibit "A", the Order and 120 page Opinion, incorporated herein by reference as though set forth fully, including its' 157 Findings of Fact).*

---

[1]  Although the Commonwealth filed an appeal, and resolution of the appeal is pending, the filing of this Complaint at this time is proper per Heck vs. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), because Plaintiff's conviction has now been declared invalid by a State tribunal authorized to make such a determination.

### JURISDICTION:

**AND NOW COMES** David Joseph Munchinski, by and through his attorney, Noah Geary, Esquire, and pleads as follows:

1.     This action arises under the Constitution of the United States of America, particularly the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America, and under the laws of the United States of America, particularly the Civil Rights Act Title 42, U.S.C.§ 1983.

2.     The jurisdiction of this court is invoked under the provisions of 28 U.S.C.A. §§ 1331 and 1343. The Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. Section 1367(a) to hear and adjudicate state law claims.

### VENUE:

3.     Venue is proper in this district because it is where all the parties reside and where the deprivations of the Plaintiff's constitutional and civil rights occurred.

### PARTIES:

4.      Plaintiff David Joseph Munchinski is an adult individual currently residing at P.O. Box 9999, Labelle, PA 15450 at the State Correctional Institute at Fayette County, Pennsylvania.  At all times material, Munchinski was a resident of Westmoreland County, Allegheny County, and Fayette County, all within the Western District of Pennsylvania.

5.     Defendant Gerald Solomon, individually, is an adult individual who at all times relevant acted as an individual and was a resident of Fayette County, Pennsylvania, located within the Western District.

6.     Defendant Gerald Solomon, in his official capacity as District Attorney of Fayette County, Pennsylvania at all times relevant was acting under color of law as the District Attorney of Fayette County, Pennsylvania, with an address of  61 East Main Street, Fayette County

4

Courthouse, Uniontown, PA 15401.

7.      Defendant Ralph Warman, individually, is an adult individual who at all times relevant, acted as an individual and was a resident of Fayette County, Pennsylvania, located within the Western District.

8.      Defendant Ralph Warman, in his official capacities as First Assistant District Attorney and the District Attorney of Fayette County, Pennsylvania, at all times relevant was acting under color of law as the First Assistant District Attorney and the District Attorney of Fayette County, Pennsylvania, with an address of 61 East Main Street, Fayette County Courthouse.

9.      Defendant John Kopas, individually, is an adult individual who at all times relevant acted as an individual and was a resident of Fayette County, Pennsylvania, located within the Western District.

10.     Defendant John Kopas, in his official capacity as First Assistant District Attorney of Fayette County, Pennsylvania, at all times relevant was acting under color of law as the First Assistant District Attorney with an address of 61 East Main Street, Fayette County Courthouse, located within the Western District.

11.     Defendant George Fayouk, individually, is an adult individual who at all times relevant acted as an individual and was a resident of Fayette County, Pennsylvania, located within the Western District.

12.     Defendant Humphrey Lukachik, individually, is an adult individual who at all times relevant acted as an individual and was a resident of Fayette County, Pennsylvania, located within the Western District.

13.     Defendant Humphrey Lukachik, in his official capacity as Chief County Detective of Fayette County, Pennsylvania, at all times relevant was acting under color of law as the Chief

County Detective of Fayette County, Pennsylvania, with an address of 61 Main Street, Fayette County Courthouse.

14.     Defendant Robert Mangiacarne, individually, is an adult individual who at all times relevant acted as an individual and was a resident of Fayette County, Pennsylvania, located within the Western District.

15.     Defendant Robert Mangiacarne, in his official capacity as Chief County Detective of Fayette County, at all times relevant was acting under color of law as the Chief County Detective of Fayette County, with an address of 61 East Main Street, Fayette County.

16.     All acts which resulted in the deprivation of Munchinski's constitutional rights were committed within the Western District, as set forth below.

**COUNT I.**
**42 U.S.C. §1983 FEDERAL CIVIL RIGHTS VIOLATION: FALSE ARREST.**
**DAVID JOSEPH MUNCHINSKI VS. ALL DEFENDANTS.**

17.     Paragraphs 1-16 are hereby incorporated by reference as though set forth fully.

18.     On September 9, 1982, one Richard Bowen, a career criminal facing three parole revocations, appeared in the Fayette County District Attorney's office and gave a statement regarding the murders to the Defendants, which was tape recorded for transcription.

19.     The fact that the statement was tape recorded for transcription was memorialized in the official police report of the lead investigator, which report was approved the next day by his superior, who was also present when Bowen's statement was provided and tape recorded (Exhibit "2a.")

20.     On October 21, 1982, Bowen returned to the Fayette County District Attorney's office and provided a second statement in which he claimed to have been the get-away driver and eyewitness to the murders, which he alleged were committed by the Plaintiff, and one Leon

6

Scaglione, now deceased.

21.     The Defendants destroyed the tape-recorded statement which was provided by Bowen on September 9, 1982.

22.     They then altered the original, approved police report of the lead investigator by removing the paragraph therein which memorialized that Bowen's statement was tape recorded for transcription.

23.     They then concealed the removal of the paragraph by doctoring the report (Exhibit 2b").

24.     On October 22, 1982, the Plaintiff, based on the statement provided to the Defendants by Richard Bowen on October 21, 1982, was arrested and charged, inter alia, with two counts of first-degree murder.

25.     However, Plaintiff's arrest was not supported by probable cause.

26.     Specifically, the Defendants were not free to ignore evidence which would dispel probable cause, and the fact that they destroyed the tape of Bowen's first statement, doctored the official, approved police report of the Pennsylvania State Police by removing the entire paragraph which referred to Bowen's first, tape-recorded statement, and then concealed the fact that they removed this paragraph proves that they dispelled whatever Bowen told them on September 9, 1982.

27.     This proves that the Defendants did not act in good faith.

28.     This proves that the Defendants did not have a reasonable belief that probable cause actually existed to arrest the Plaintiff – nor that it was objectively reasonable for the Defendants to believe they actually had probable cause to arrest the Plaintiff.

29.     This proves that the Defendants did not and could not reasonably believe that what Bowen told them on October 21, 1982 was reliable and credible.

30.    Additionally, the murders had been unsolved for five years.

31.    Accordingly, the arrest constituted a false arrest.

32.    As a direct and proximate result of the arrest which lacked probable cause, Plaintiff was seized, restrained and detained.

33.    The above-described acts and conduct of each of the Defendants were done to deprive and did deprive Plaintiff of the rights guaranteed him under the United States Constitution, including but not limited to his Fourth Amendment right to be free from an arrest lacking in probable cause.

34.    Plaintiff, as set forth below, was subsequently falsely imprisoned, prosecuted maliciously, wrongly convicted, and wrongfully incarcerated.

35.    As a direct and proximate cause of the false arrest and subsequent unlawful detention, Plaintiff has suffered past, present and future pain, suffering, fear, anxiety, humiliation and embarrassment; the loss of liberty, unlawful confinement, property losses; past, present and future emotional trauma, physical and psychological harm; past, present and future medical expenses, past lost earnings and lost earning capacity; future loss of earnings and lost earning capacity; the loss of the enjoyment of life, and the separation from his children for over twenty (20) years.

36.    The above-described actions of the Defendants were outrageous, were done willfully, with malice, and with reckless disregard of Plaintiff's federally-protected rights.

**WHEREFORE**, Plaintiff requests compensatory damages in an unspecified amount, punitive damages, as well as all investigative costs, litigation costs, court costs, reasonable attorney's fees for the time incurred in the underlying Post-Conviction Relief Proceeding in the Court of Common Pleas of Fayette County upon which successful work this lawsuit was based,

reasonable attorney's fees for all work in this action, and further, that this Honorable Court Order the Fayette County, Pennsylvania District Attorney's Office to undergo training regarding its obligations under Pennsylvania Rule of Criminal Procedure 573 and Brady vs. Maryland and its progeny, so that what was done to David Joseph Munchinski in this case is never done to another Fayette County, Pennsylvania criminal defendant, and any other relief which is appropriate.

**COUNT II.**
**42 U.S.C. §1983 FEDERAL CIVIL RIGHTS VIOLATION: FALSE IMPRISONMENT.**
**DAVID JOSEPH MUNCHINSKI VS. ALL DEFENDANTS.**

38.     Paragraphs 1-37 are hereby incorporated by reference as though set forth fully.

39.     By engaging in the conduct set forth in the forgoing paragraphs of this Complaint, the Defendants acted with the intent to confine the Plaintiff.

40.     The Defendants' conduct, as set forth in those paragraphs, directly resulted in the Plaintiff's confinement.

41.     The Plaintiff was at all times conscious of the confinement.

42.     The conduct of each of the Defendants was done to deprive and did deprive Plaintiff of the rights guaranteed him under the United States Constitution, including but not limited to his 4th Amendment right to be free from being imprisoned when no probable cause existed to support the confinement.

43.     As a direct and proximate cause of the false imprisonment, Plaintiff has suffered past, present and future pain, suffering, fear, anxiety, embarrassment; the loss of liberty, unlawful confinement, property losses, past, present and future emotional trauma, physical and psychological harm; past, present and future medical expenses, past lost earnings and lost earning capacity; future loss of earnings and lost earning capacity; the loss of the enjoyment of life, and the separation from his children for over 20 years.

44.     The above-described actions of the Defendants were outrageous, were done willfully, with malice, and with reckless disregard of Plaintiff's federally-protected rights.

**WHEREFORE**, Plaintiff requests compensatory damages in an unspecified amount, punitive damages, as well as all investigative costs, litigation costs, court costs, reasonable attorney's fees for the time incurred in the underlying Post-Conviction Relief Proceeding in the Court of Common Pleas of Fayette County upon which successful work this lawsuit was based, reasonable attorney's fees for all work in this action, and further, that this Honorable Court Order the Fayette County, Pennsylvania District Attorney's Office to undergo training regarding its obligations under Pennsylvania Rule of Criminal Procedure 573 and Brady vs. Maryland and its progeny, so that what was done to David Joseph Munchinski in this case is never done to another Fayette County, Pennsylvania criminal defendant, and any other relief that this Court deems appropriate.

## COUNT III.
## FEDERAL CIVIL RIGHTS VIOLATIONS: MALICIOUS PROSECUTION.
## DAVID JOSEPH MUNCHINSKI VS. ALL DEFENDANTS

45.     Paragraphs 1-44 are hereby incorporated by reference as though set forth fully.

46.     The Defendants initiated a criminal process against Munchinski, specifically, by filing a Criminal Complaint and subsequent criminal information at Docket Numbers 755 and 755 and 1/3 in the Criminal Division of the Fayette County Court of Common Pleas, Pennsylvania wherein Munchinski was charged with inter alia, two counts of first degree murder.

47.     The criminal proceeding was terminated in his favor, and declared invalid by a state tribunal authorized to make such determination as reflected in Exhibit "A," the October 1, 2004 Order of Court of Post Conviction Relief Judge Barry F. Feudale, which Order and Opinion, including its 157 Findings of Fact, are hereby incorporated into this Complaint as though set

forth fully.

48.     As specified in Count I., there was a lack of probable cause to file charges against Munchinski.

49.     The Defendants initiated the criminal proceeding either maliciously or for a purpose other than bringing the Plaintiff to justice, that purpose being to win at any cost, at the expense of and through the deprivation of the civil and constitutional rights of the Plaintiff.

50.     Munchinski is actually innocent of all crimes with which he was charged and convicted.

51.     The conduct of each of the Defendants was done to deprive and did deprive Plaintiff of the rights guaranteed him under the United States Constitution, including but not limited to his 4th Amendment right to be free from a prosecution which lacked probable cause.

52.     As the direct and proximate cause of the malicious prosecution, Plaintiff has suffered past, present and future pain, suffering, fear, anxiety, embarrassment; the loss of liberty, unlawful confinement, property losses, past, present and future emotional trauma, physical and psychological harm; past, present and future medical expenses, past lost earnings and lost earning capacity; future loss of earnings and lost earning capacity; the loss of the enjoyment of life, and the separation from his children.

54. The above-described actions of Defendant were outrageous, were done willfully, with malice, and with reckless disregard of Plaintiff's federally-protected rights

        **WHEREFORE**, Plaintiff requests compensatory damages in an unspecified amount, punitive damages, as well as all investigative costs, litigation costs, court costs, reasonable attorney's fees for the time incurred in the underlying Post-Conviction Relief Proceeding in the Court of Common Pleas of Fayette County upon which successful work this lawsuit was based, reasonable attorney's fees for all work in this action, and further, that this Honorable Court Order

the Fayette County, Pennsylvania District Attorney's Office to undergo training regarding its

obligations under Pennsylvania Rule of Criminal Procedure 573 and Brady vs. Maryland and its

progeny, so that what was done to David Joseph Munchinski in this case is never done to another

Fayette County, Pennsylvania criminal defendant, and any other relief that may be appropriate.

## COUNT IV.
### 42 U.S.C. §1983 FEDERAL CIVIL RIGHTS VIOLATIONS: ABUSE OF PROCESS. DAVID JOSEPH MUNCHINSKI VS. ALL DEFENDANTS.

55.     Paragraphs 1-54 are hereby incorporated by reference as though set forth fully.

56.     As plead above, the Defendants commenced and continued a criminal proceeding against

the Plaintiff.

57.     The primary purpose and ulterior motive of the Defendants' use of the criminal process

was to accomplish a purpose for which the process was not designed, that is, to obtain a

conviction at any cost, specifically, at the expense of and through the deprivation of the

constitutional rights, civil rights, and other rights of the Plaintiff.

58.     This constituted a perversion and abuse of the criminal process.

59.     As the direct and proximate result of this perversion and abuse of the process,

Munchinski has suffered harm, specifically, at the time of the filing of this civil action, he has

served twenty (20) years, wrongfully, in various State penitentiaries for crimes he did not

commit.

60.     The Plaintiff also suffered unlawful pre-trial detention.

61.     The acts not authorized by the process, which were committed in furtherance of the aim

to achieve a conviction at any costs, included but are not limited to the withholding of

exculpatory, discoverable evidence, the intentional withholding of exculpatory, discoverable

evidence, and the destruction of exculpatory, discoverable evidence as detailed in the Findings of

Fact and throughout the 120 page Opinion and Order attached as Exhibit "A".

62.     The conduct of each of the Defendants was done to deprive and did deprive Plaintiff of the rights guaranteed him under the United States Constitution, including but not limited to his 6th Amendment right to a fair trial.

63.     As the direct and proximate cause of the abuse of process, Plaintiff has suffered past, present and future pain, suffering, fear, anxiety, embarrassment; the loss of liberty, unlawful confinement, property losses, past, present and future emotional trauma, physical and psychological harm; past, present and future medical expenses, past lost earnings and lost earning capacity; future loss of earnings and lost earning capacity; the loss of the enjoyment of life, and the separation from his children.

65.     The above-described actions of Defendant were outrageous, were done willfully, with malice, and with reckless disregard of Plaintiff's federally-protected rights.

**WHEREFORE**, Plaintiff requests compensatory damages in an unspecified amount, punitive damages, as well as all investigative costs, litigation costs, court costs, reasonable attorney's fees for the time incurred in the underlying Post-Conviction Relief Proceeding in the Court of Common Pleas of Fayette County upon which successful work this lawsuit was based, reasonable attorney's fees for all work in this action, and further, that this Honorable Court Order the Fayette County, Pennsylvania District Attorney's Office to undergo training regarding its obligations under Pennsylvania Rule of Criminal Procedure 573 and Brady vs. Maryland and its progeny, so that what was done to David Joseph Munchinski in this case is never done to another Fayette County, Pennsylvania criminal defendant, and any other relief that is appropriate.

**COUNT V.**
**42 U.S.C. §1983 FEDERAL CIVIL RIGHTS VIOLATIONS:**
**VIOLATIONS OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS**
**RIGHTS TO A FAIR TRIAL AND 6TH AND 14TH AMENDMENT RIGHTS**

## TO A FAIR TRIAL.
## DAVID JOSEPH MUNCHINSKI VS. ALL DEFENDANTS.

66.     Paragraphs 1-65 are hereby incorporated by reference as though set forth fully.

67.     The original police report of lead investigator Montgomery Goodwin was intentionally withheld in the subsequent discovery process, along with eleven (11) other pieces of blatantly exculpatory evidence including a report which established alleged eyewitness Richard Bowen as being in Oklahoma on the night of the murders and not even in the State of Pennsylvania.

68.     Ten other pieces of blatantly exculpatory evidence was intentionally withheld, which are set forth in Exhibit "A."

69.     This was done prior to and during both the 1983 and 1986 jury trials.

70.     Defendant Mangiacarne, the author of a police report establishing that one Mike Urdzik confessed with great specificity as to how and why he and another individual committed the murders, inter alia, personally participated in the withholding of exculpatory evidence.

71.     In 1992, the Defendants once again, specifically Defendant John Kopas, Humphrey Lukachik, George Fayouck and Ralph Warman, intentionally withheld this information again, in spite of a Court Order directing the complete Pennsylvania State Police files to be provided to the Court.

72.     In a subsequent Federal Habeas Corpus proceeding, the evidence was intentionally suppressed again.

73.     In PCRA II, the Defendants all testified falsely in furtherance of the cover-up and conspiracy.

74.     These acts and this conduct of each of the Defendants were done to deprive and did deprive Plaintiff of the rights guaranteed him under the United States Constitution, including but not limited to his 6th and 14th Amendment rights to a fair trial.

75.     As the direct and proximate cause of the violation of Plaintiff's due process right and 6th Amendment right for a fair trial, Plaintiff has suffered past, present and future pain, suffering, fear, anxiety, embarrassment; the loss of liberty, unlawful confinement, property losses, past, present and future emotional trauma, physical and psychological harm; past, present and future medical expenses, past lost earnings and lost earning capacity; future loss of earnings and lost earning capacity; the loss of the enjoyment of life, and the separation from his children.

76.     The above-described actions of Defendant were outrageous, were done willfully, with malice, and with reckless disregard of Plaintiff's federally-protected rights.

        **WHEREFORE**, Plaintiff requests compensatory damages in an unspecified amount, punitive damages, as well as all investigative costs, litigation costs, court costs, reasonable attorney's fees for the time incurred in the underlying Post-Conviction Relief Proceeding in the Court of Common Pleas of Fayette County upon which successful work this lawsuit was based, reasonable attorney's fees for all work in this action, and further, that this Honorable Court Order the Fayette County, Pennsylvania District Attorney's Office to undergo training regarding its obligations under Pennsylvania Rule of Criminal Procedure 573 and Brady vs. Maryland and its progeny, so that what was done to David Joseph Munchinski in this case is never done to another Fayette County, Pennsylvania criminal defendant, and any other relief that may be appropriate.

**COUNT VI.**
**42 U.S.C. §1983 FEDERAL CIVIL RIGHTS VIOLATIONS:**
**CONSPIRACY TO DEPRIVE DAVID JOSEPH MUNCHINSKI OF**
**HIS CIVIL RIGHTS IN VIOLATION OF § 1983.**
**DAVID JOSEPH MUNCHINSKI VS. ALL DEFENDANTS.**

77.     Paragraphs 1-76 are hereby incorporated by reference as though set forth fully.

78.     The Defendants agreed to deprive Plaintiff of a fair trial in 1983, a fair trial in 1986, a fair Post-Conviction relief Proceeding in 1992-1993, a fair Federal Habeas Corpus Proceeding in the

15

late 1990s and a fair Post-Conviction Relief Proceeding in 2003.

79.    The Defendants conspired to falsely arrest, falsely imprison, maliciously prosecute the Plaintiff, conspired to commit abuse of process.

80.    The Defendants conspired to conceal exculpatory evidence, destroy evidence, and withhold exculpatory evidence.

81.    Pursuant to and in furtherance of the agreement, the Defendants both failed to act as well as acted to achieve the object of their conspiracy.

82.    The agreement actually violated the Constitutional rights of the Plaintiff.

83.    The acts committed in furtherance of the conspiracy include but are not limited to the following acts described in paragraphs 67-72 of this Complaint, which are hereby incorporated herein as though set forth fully in this Count as well as all Findings of Fact in Exhibit "A."

84.    The herein-described acts and conduct of the Defendants, and each of them, were done to deprive and did deprive Plaintiff of the right(s), guaranteed him under the United States Constitution, including but not limited to his 4th, 6th and 14th Amendment rights.

85.    As the direct and proximate cause of the abuse of process, Plaintiff has suffered past, present and future pain, suffering, fear, anxiety, embarrassment; the loss of liberty, unlawful confinement, property losses, past, present and future emotional trauma, physical and psychological harm; past, present and future medical expenses, past lost earnings and lost earning capacity; future loss of earnings and lost earning capacity; the loss of the enjoyment of life, and the separation from his children.

86.    The above-described actions of Defendant were outrageous, were done willfully, with malice, and with reckless disregard of Plaintiff's federally-protected rights.

       **WHEREFORE**, Plaintiff requests compensatory damages in an unspecified amount,

16

punitive damages, as well as all investigative costs, litigation costs, court costs, reasonable

attorney's fees for the time incurred in the underlying Post-Conviction Relief Proceeding in the

Court of Common Pleas of Fayette County upon which successful work this lawsuit was based,

reasonable attorney's fees for all work in this action, and further, that this Honorable Court Order

the Fayette County, Pennsylvania District Attorney's Office to undergo training regarding its

obligations under Pennsylvania Rule of Criminal Procedure 573 and <u>Brady vs. Maryland</u> and its

progeny, so that what was done to David Joseph Munchinski in this case is never done to another

Fayette County, Pennsylvania criminal defendant, and any other relief that is appropriate.

## COUNT VII.
## PENDENT STATE TORT CLAIMS.

87.    All forgoing paragraphs are incorporated herein as though set forth fully.

88.    The acts and conduct of the Defendants, as described above, constituted false arrest, false

imprisonment, malicious prosecution, and abuse of process under the laws of Pennsylvania, and

this Court has supplemental jurisdiction to hear and adjudicate these claims.

89.    The above-described actions of the Defendants were outrageous, were done willfully,

with malice, and with reckless disregard of Plaintiff's rights.

   **WHEREFORE,** Plaintiff requests compensatory damages in an unspecified amount,

punitive damages, as well as all investigative costs, litigation costs, court costs, and any other

relief that this Honorable Court deems appropriate.

## COUNT VIII.
## MUNICIPAL LIABILITY:
## DAVID JOSEPH MUNCHINSKI VS. ALL DEFENDANTS
## NAMED IN THEIR OFFICAL CAPACITIES.

90.    Paragraphs 1-89 are hereby incorporated by reference as though set forth fully.

91.    Fayette County, Pennsylvania is liable for the constitutional deprivations suffered

17

by the Plaintiff for any and every of the following reasons.

92.     As set forth below, the policymakers were personally involved in the violation of

Plaintiff's civil rights  in including but not limited to the following manners:

        a.     actually and personally committing the acts
             which were the direct and proximate cause
             of the deprivations of Plaintiff's constitutional
             rights;

        b.     creating custom or policy;

        c.     condoning unconstitutional conduct;

        d.     consciously ignoring unconstitutional conduct;

        e.     acquiescing in unconstitutional conduct.

93.     Gerald Solomon, District Attorney of Fayette County, was the policymaker in Fayette

County, Pennsylvania on how the District Attorney's office was to handle its Brady obligations.

94.     Solomon himself intentionally withheld the "Bates Report," which was specifically

requested in discovery.

95.     First Assistant District Attorney Ralph Warman doctored the police report of September

9, 1982 to conceal the destruction of the tape.

96.     The Defendants, Solomon and Warman, in their official capacities, not only personally

engaged in misconduct which violated Plaintiff's constitutional and civil rights, they had a

custom and/or practice and/or policy of withholding exculpatory, discoverable evidence from

criminal defendants.

97.     These policymakers adopted a deliberate policy and practice of withholding exculpatory

evidence from criminal defendants.

98.     In 1981, the year prior to Plaintiff's arrest, a first degree murder conviction was reversed

when it was discovered that District Attorney Solomon and First Assistant Warman withheld

exculpatory evidence from a Defendant.

99.     In 1982, just a month prior to Plaintiff's arrest, another first degree murder conviction was reversed when it was discovered that District Attorney Solomon and First Assistant Warman withheld exculpatory evidence from a Defendant.

100.    Solomon, as District Attorney, had knowledge of and approved of Warman's altering of the September 9, 1982 police report.

101.    The Defendants also acted with deliberate, reckless and/or callous indifference to the constitutional rights of Plaintiff.

102.    The Defendants inaction amounted to deliberate, reckless and/or callous indifference to the constitutional rights of Plaintiff.

103.    Through its' officials policy, practice and custom of withholding exculpatory evidence from criminal defendants, Fayette County, Pennsylvania was the moving force behind the deprivation of the constitutional and civil rights of Munchinski.

**WHEREFORE,** the Plaintiff requests that Fayette County, Pennsylvania and that the Defendants be held liable in their official capacities for the acts/omissions committed as set forth throughout this Complaint.

**JURY TRIAL DEMANDED.**

                                        Respectfully submitted,

                                        Noah Geary, Esquire
                                        Suite 225
                                        Washington Trust Building
                                        Washington, PA 15301
                                        724 222-3788
                                        PA ID 78382

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of Plaintiff's Complaint was served

upon the following parties, via personal service, on this 12th day of August, 2005:

Gerald Solomon, Fayette County Courthouse
61 East Main Street, Uniontown, PA

Ralph Warman, Fayette County Courthouse
61 East Main Street, Uniontown, PA

John Kopas, Esquire
Law Office of John Kopas
75 W. Church Street
Fairchance, PA

George Fayouck
164 Stockton Avenue
Uniontown, PA

Humphrey Lukachik
110 Meadowview Court
Uniontown, PA

Robert Mangiacarne
303 Nina Circle
Uniontown, PA

August 12, 2005

_____
Noah Geary, Esquire

## VERIFICATION

**AND NOW,** comes **DAVID JOSEPH MUNCHINSKI**, who verifies that the facts

and statements made in the within **1983 COMPLAINT** are true and correct to the best of

his knowledge, information and belief.

I, understand that false statements herein are made subject to the penalties of 18

Pa. C. S. §4904 relating to unsworn falsification to authorities.

July ___21___, 2005                          _____
                                              **DAVID JOSEPH MUNCHINSKI**